IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY OWENS,

                              Plaintiff,                    OPINION AND ORDER

     v.                                                         15-cv-149-wmc

SANJAY AGRAWAL, *et al.*,

                              Defendants.

Plaintiff Anthony Owens is an inmate in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin.  Owens has filed this this proposed action pursuant to *Bivens v. Six Unknown Named Agents of Federal Narcotics Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, alleging that his civil rights were violated by federal and state officials in connection with his underlying criminal conviction.  He has been found eligible to proceed *in forma pauperis* and he has made an initial, partial payment toward the filing fee in this case.

Because plaintiff is incarcerated, the court is required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, to screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Even under this lenient standard, the court must deny leave to proceed further and dismiss this case for reasons set forth below.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

In 2011, a grand jury in the United States District Court for the Eastern District of Missouri returned a multi-count indictment against Owens and several co-defendants, charging a criminal conspiracy. *See United States v. James C. Smith, et al.,* No. 11-cr-246 (E.D. Mo.). Owens, in particular, was charged with multiple counts of murder in aid of racketeering activity as an accessory after the fact. After Owens pled guilty to two of those counts, the district court sentenced him to serve a total term of 102 months imprisonment. Owens did not appeal.

Owens has now filed this civil rights lawsuit for monetary damages against two attorneys (Sanjay Agrawal and Paul D'Agrosa), who were appointed to represent him in Case No. 11-cr-246. Owens also sues the following Assistant United States Attorneys who prosecuted Case No. 11-cr-246 in the Eastern District of Missouri: Dean J. Sauer; James C. Delworth; Jennifer A. Winfield; and Sirena M. Wissler.

Owens contends that he was denied his Sixth Amendment right to effective assistance of counsel when Agrawal and D'Agrosa failed to object to the charges against him for jurisdictional reasons (the murder referenced in the indictment having happened in the Northern District of Illinois, and not in Missouri). Owens contends further that Sauer,

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's underlying criminal proceedings from the docket available at Public Access to Court Electronic Records, www.pacer.gov (last visited March 25, 2015). The court draws all other facts from the complaint and the attached affidavit submitted by plaintiff, which is deemed part of the pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

Delworth, Winfield and Wissler conspired to deprive him of his Sixth Amendment right to be tried in the location where the offense occurred and violated his Fifth Amendment right to due process.   Owens seeks compensatory and punitive damages for the violation of his constitutional rights.


OPINION

Section 1983 of United States Code Title 42 provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law.  To state a claim § 1983, a plaintiff must establish that (1) he had a constitutionally protected right, (2) he was deprived of that right in violation of the Constitution, (3) the defendant intentionally caused that deprivation and (4) the defendant acted under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009); *Schertz v. Waupaca County*, 875 F.2d 578, 581 (7th Cir. 1989).  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights.  *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (discussing *Bivens*).   Thus, Bivens affords a remedy against federal officials that is analogous to a claim against state actors under § 1983.  *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).  Assuming that all of plaintiff's allegations are true, however, he cannot proceed with a claim under § 1983 or *Bivens* for three reasons.

First, prosecutors such as Sauer, Delworth, Winfield and Wissler cannot be sued for damages based on their decision to pursue charges against a defendant.  *See Imbler v.*

3

*Pachtman*, 424 U.S. 409, 431 (1976). ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Butz v. Economou*, 438 U.S. 478, 501 (1983) (concluding that federal official enjoys same level of immunity in *Bivens* action as would a state official in a § 1983 suit).  To the extent that Owens seeks monetary relief from defendants who are immune from such relief, his claims against Sauer, Delworth, Winfield and Wissler must be dismissed as legally frivolous.  *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (per curiam).

Second, defense attorneys, even those appointed by the court, are not considered state actors or federal officials for purposes of a claim under § 1983 or *Bivens*.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984) ("By analogy [to *Polk County v. Dodson*, 454 U.S. 312 (1981)], an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (a federal public defender may not be sued for malpractice in a *Bivens*-type suit).  Accordingly, Owens' claims against his defense attorneys must also be dismissed as legally frivolous.

Third, Owens' allegations plainly concern the validity of his underlying conviction and sentence of imprisonment.  To recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's

issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*

The rule announced in *Heck* also applies to actions under *Bivens*.  *See Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (collecting cases).  Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck*, 512 U.S. at 487.

Owens' allegations would, if true, necessarily implicate the validity of his conviction in Case No. 11-cr-246. Public records confirm that this conviction has not been invalidated or set aside by an authorized tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2255.  Absent a showing that the disputed conviction has been invalidated or set aside, the rule in *Heck* precludes his claim for damages.  Because his claims are barred, the court must deny leave to proceed and dismiss this case as legally frivolous.  *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (A complaint that is barred by *Heck v. Humphrey* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g)).  To the extent that Owens' claims are barred by the rule in *Heck*, the dismissal is without prejudice.  See Polzin v. Gage, 636 F.3d 834, 839 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1.  Plaintiff Anthony Owens' request for leave to proceed is DENIED and his complaint is DISMISSED with prejudice as legally frivolous pursuant to 28 U.S.C.

§ 1915A.  To the extent that Owens' claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), the dismissal is without prejudice.

2.  The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

3.  Although he has been found indigent, plaintiff is obligated to pay the remainder of the filing fee in monthly installments as set forth in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the prison facility where plaintiff is in custody, advising the warden of his obligation to deduct payments from plaintiff's inmate trust fund account until the $350 filing fee has been paid in full.

Entered this 27th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

6